AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of California

FILED
25 August 2026
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

United States of America
v.
Edgardo Mauricio Iraheta-Ayala

*Defendant(s)*

Case No.3:26-mj-71139 MAG

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of August 5, 2025 in the county of San Francisco in the Northern District of California, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 113(a)(5) | Simple Assault Within the Special Territorial and Maritime Jurisdiction of the United States |

This criminal complaint is based on these facts:

See attached Affidavit of USPP Det. Stephen Smith.

☑ Continued on the attached sheet.

/s/ Stephen Smith
*Complainant's signature*

Stephen Smith, US Park Police Detective
*Printed name and title*

Approved as to form Jean Fundakowski
AUSA */s/ Jean Fundakowski*

Sworn to before me by telephone.

Date: 08/24/2026

*Judge's signature*

City and state: San Francisco, CA

Hon. Thomas S. Hixson, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT

I, Stephen Smith, Detective with the United States Park Police, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION

1. This affidavit is submitted in support of a criminal complaint and arrest warrant. Based on the following facts, I submit that there is probable cause to believe that on August 5, 2025, EDGARDO MAURICIO IRAHETA-AYALA ("IRAHETA-AYALA"), committed the offense of simple assault within the special territorial and maritime jurisdiction of the United States, in violation of 18 U.S.C. § 113(a)(5). I respectfully request that the Court issue the criminal complaint and related arrest warrant for "IRAHETA-AYALA" under Federal Rule of Criminal Procedure 4(a).

## AFFIANT BACKGROUND

2. I have been a duly appointed federal police officer with the United States Park Police ("USPP") since 2005. I am currently assigned to the USPP Criminal Investigations Unit, at the San Francisco Field Office as a Detective. My responsibilities include the investigation of all crimes as assigned to include sex assaults, robberies, burglaries, and other federal offenses.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other officers and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all my knowledge about this matter.

**PROBABLE CAUSE**

4. On Tuesday, August 5, 2025, at approximately 1607 hours, United States Park Police ("USPP") Officer Gonzalez responded to the northern portion of Fort Mason in an area known as Battery Black Point for a report of a sexual assault. Fort Mason is located on federal land within the exclusive jurisdiction of the United States. The victim, ("V-1") was reportedly sitting on a tree stump overlooking the San Francisco Bay when the suspect, later identified as IRAEHTA-AYALA, sat down behind her and, without her knowledge, masturbated until he ejaculated onto her lower back and leggings. He was described as a Hispanic male wearing shorts and no shirt, while carrying an orange basket.

Image 1: Battery Black Point at Fort Mason



5. USPP Officers could not locate the suspect or V-1, who had returned home immediately after the incident.

6. USPP Detective Sergeant Wallingford, Officer Gonzalez, and I met with V-1 outside her residence. V-1 told us she was walking through the Battery Black Point area and sat down on a large tree stump (approx. 4' wide) where she began drawing in her sketchbook. She noticed that the suspect, IRAHETA-AYALA, had sat down on the other side of the stump. V-1 continued sketching in her book but then felt something touch or make contact with her exposed lower back and leggings. She immediately turned around and saw that IRAHETA-AYALA ejaculating with his shorts down and his genitalia exposed. V-1 yelled "What the fuck are you doing?" IRAHETA-AYALA was still ejaculating when she turned around, and she saw that his penis was erect. V-1 got up and fled from IRAHETA-AYALA, running toward a stairway that leads down to Van Ness Avenue. She turned around and saw IRAHETA-AYALA slowly walk off in the other direction after she left. V-1 said she first tried calling the SFPD (San Francisco Police Department) non-emergency line before being directed to call the USPP Dispatch Center, who handle 911 calls for Fort Mason, a property within the Golden Gate National Recreation Area.

7. V-1 had not changed her clothes since the incident at Battery Black Point. While speaking with V-1 outside her apartment, she pointed to small whitish spots on her leggings, or yoga pants, that looked like they were ejaculate. V-1 also sent USPP a selfie photo of the stained area which V-1 had taken using her cellphone about one minute after the incident.

Image 2: Photograph of V-1's Leggings



8. I collected a sample of the whitish material from the stained leggings with a Uni-Swab collection kit and logged it as evidence. V-1 changed her clothes and put the leggings into a USPP evidence bag, which Officer Gonzalez also logged as evidence.

9. Detective Sergeant Wallingford and I went to Battery Black Point and met Officer Hernandez at the tree stump where the incident occurred. Officer Hernandez pointed out two small white viscous spots on the ground next to the tree stump whose appearance looked consistent with ejaculate. I photographed and took a sample of each one with a Uni-Swab kit. I logged them as additional items of evidence.

10. On August 12, 2025, USPP Identification Technician Ogarro photographed the dark leggings in his lab using a flash and UV light under darkness. The spots that V-1 had identified as the suspect's ejaculate glowed under the UV light and were located on the upper-right side on the back of V-1's leggings. Officer Ogarro took photographs of the leggings and saved them onto a CD storage device as evidence. On August 13, 2025, USPP ID Technician

Ogarro submitted the swab sample obtained from V-1's leggings and the two swabs taken from the ground near the tree stump at Battery Black Point to the SFPD Crime Lab for DNA analysis.

11. On September 4, 2025, the SFPD Crime Lab performed biological screening and genetic analysis of the evidence submitted and compiled a report. Examination of the leggings swab (Item 1) which I extracted from V-1's leggings was negative for semen material but did show the presence of male DNA. I am aware from my investigation that samples of bodily fluids, including ejaculate, do not necessarily contain semen.

12. Genetic analysis of the swab from the victim's leggings swab showed two male contributors with a mixture ratio of 93% and 7%. The SFPD Crime Lab entered the DNA profiles generated from the material in the leggings swab into CODIS (Combined DNA Index System) to check against known profiles stored in local, state and federal DNA databases. Analysis of the two swabs I collected from the ground at the crime scene was negative for semen and did not reveal presence of male DNA.

13. On September 26, 2025, the SFPD Crime Lab sent back a CAL-DNA Data Bank Hit Notification from the leggings sample for subject Edgardo Mauricio IRAHETA-AYALA. I checked IRAHETA-AYALA's criminal history and found he had an extensive record dating back to 2007 in Monterey and San Francisco Counties. On April 29, 2025, IRAHETA-AYALA, who was using the alias of BERNYE LOPEZ at the time, boarded a private vessel in Aquatic Park Cove. Aquatic Park is a National Maritime Park that is next to Fort Mason and Black Point. After being confronted by the owner of the vessel, IRAHETA-AYALA fled the scene in a kayak he was using. He was found and caught the following day by SFPD and USPP units. When IRAHETA-AYALA was cited by USPP for trespassing on the vessel, he was found to have

multiple aliases and different dates of birth, including "EDGARDO MAURICIO IRAHETA AYALA" and "BERNYE LOPEZ."

14. On October 8, 2025, USPP Detective Halvorson and I arrived at V1's home to present her with a photo lineup I created using the Cal-Photo mugshot search tool. The photo array contained IRAHETA-AYALA's mugshot from a state arrest on September 5, 2025, along with mugshots of five similar looking individuals not related to the investigation. I created the lineup using the Cal-Photo randomize photos feature in the CLETS database. IRAHETA-AYALA's mugshot was in position number 4. Detective Halvorson, who did not know which mugshot belonged to IRAHETA-AYALA, showed the photos to V-1 after the USPP Photo Line-Up Advisement was given. V-1 reviewed the line-up and stated she was not sure whether the perpetrator was in the lineup but felt that the man in position number 3 was the closest. V-1 therefore did not identify IRAHETA-AYALA as the suspect in the photo lineup.

15. On November 14, 2025, I applied for and obtained a state DNA search warrant to obtain a reference DNA sample from IRAHETA-AYALA**.** On November 18, 2025, USPP Detective Halvorson and I traveled to the Monterey County Jail, where IRAHETA-AYALA was serving time for a probation violation, to execute the warrant. With the assistance of a Spanish speaking deputy, I was able to interview and obtained a buccal swab from IRAHETA-AYALA. I read the *Miranda* advisement in English, and the deputy translated it to him in Spanish. IRAHETA-AYALA agreed to talk about why I came to collect his DNA. I asked him if he was at Battery Black Point in San Francisco on August 5, 2025, and showed him a photo of the area. IRAHETA-AYALA said he knew the location but normally stays on Market Street in San Francisco because he is homeless. He stated he did not remember masturbating onto V-1 on August 5, 2025. IRAHETA-AYALA told us that he did not remember because he was on drugs.

He said he was not lying and did not remember. I submitted the new reference DNA sample from IRAHETA-AYALA to the SFPD Crime Lab. The lab performed a comparison analysis with the new reference sample from IRAHETA-AYALA and the samples obtained from V-1's leggings and the two spots on the ground hear the tree stump at Battery Black Point.

16. On January 9, 2026, the SFPD Crime Lab performed another biological screening and genetic analysis using the buccal swab (DNA) from IRAHETA-AYALA for comparison with the evidence.

17. The lab found very strong support for the inclusion of IRAHETA-AYALA's DNA in the swab (Item 1) from V-1's leggings. Specifically, the Crime Lab found that the likelihood of obtaining the DNA results was at least 8.09 septillion times greater if the DNA in the sample from V-1's leggings originated from IRAHETA-AYALA and a random, unrelated person, than from two random unrelated persons.

18. The SPFD Crime Lab also compared IRAHETA-AYALA's reference sample with two samples of cuttings they extracted on the two stained areas (Item 4A) of V-1's leggings These specific cuttings were labeled as, Item 4A Yoga pants – exterior buttocks cutting, Fraction 1 and Fraction 2.

19. The DNA extracted from Fraction 1 contained a mixture of DNA from three contributors, with at least two from males, in a mixture ratio of 81, 14, and 5%. The report found very strong support for the proposition that IRAHETA-AYALA's DNA was included in the 81% mixture proportion in Fraction 1. Specifically, the Report stated that the likelihood of obtaining these DNA results was at least 8.94 septillion times greater if the DNA originated from IRAHETA-AYALA and two random, unrelated persons than from three random, unrelated persons.

20. The DNA extracted from Fraction 2 contained a DNA mixture from two contributors, including at least one male, in a mixture ratio of 99% and 1%. The report found very strong support for the inclusion of IRAHETA-AYALA's DNA in the 99% mixture proportion in Fraction 2. Specifically, the Report stated the likelihood of obtaining the DNA results was at least 9.44 septillion times greater if the DNA in Fraction 2 originated from IRAHETA-AYALA and a random, unrelated person than from two random, unrelated persons.

## CONCLUSION

21. Based on the facts described in this affidavit, there is probable cause to believe that on August 5, 2025, Edgardo Mauricio Iraheta-Ayala ("IRAHETA-AYALA") committed the offense of simple assault within the special territorial and maritime jurisdiction of the United States, in violation of 18 U.S.C. § 113(a)(4). Accordingly, I respectfully request that the Court issue a criminal complaint and warrant for his arrest.

22. I further request, in order to prevent IRAHETA-AYALA from destroying evidence, fleeing, or otherwise impeding my investigation prior to the execution of the arrest warrant, and for the safety of agents and officers, that this affidavit, and the corresponding complaint and arrest warrant, be filed under seal until execution of the arrest warrant, except that copies should be made available to the United States Attorney's Office, USPP, and other law enforcement agencies, as necessary for use in investigation and prosecution.

I declare under penalty of perjury that the above is true and correct to the best of my knowledge and belief.

*/s/ Stephen Smith*
Stephen Smith
Detective
United States Park Police

Sworn to before me over the telephone and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d) on this 24th day of August, 2026. This application and warrant are to be filed under seal.

HONORABLE THOMAS S. HIXSON
United States Magistrate Judge